```
                                                              FILED
        UNITED STATES DISTRICT COURT               MAY 0 6 2009
           DISTRICT OF SOUTH DAKOTA
              WESTERN DIVISION
```


```
*****************************************************
                                *
UNITED STATES OF AMERICA,       *    CR. 08-50051
                                *
        Plaintiff,              *
                                *        ORDER
    v.                          *
                                *    (Motions to Sever)
BRANDON ECOFFEY (08),           *
LYLE WILSON (03)                *
        Defendant.              *
                                *
*****************************************************
```

Pending are Defendants' Motions to Sever (Docs. 374 and 385). No hearing was held; the motions are decided on the basis of the briefs and the legal arguments contained therein. For the reasons more fully explained below, Defendants' motions are **DENIED**.

## JURISDICTION

Defendants are charged in a Superseding Indictment with conspiracy to distribute and possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § § 846, 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(B) and 841(b)(1)(C). The pending Motions to Sever were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated November 29, 2006.

## BACKGROUND

The Superseding Indictment charges Defendant Ecoffey in Count I, Count II and Count IV of possessing with intent to distribute and conspiring to distribute cocaine and marijuana. Defendant Wilson is charged with the same crimes in Counts I, II and III.[1] Ecoffey is not named in Count III, and Wilson is not named in Count IV. Both move to sever, asserting that justice is best served by trying their cases separately. They cite several reasons in support of their argument: The Government resists. Defendants' arguments in support of severance are outlined below:

---

[1] There were originally eight codefendants in this drug conspiracy case. The other six have all entered into plea agreements.

Defendants are charged in a five count Superseding Indictment. Both are charged in Counts I and II. Wilson is charged in Count III but Ecoffey is not. Ecoffey is charged in Count IV, but Wilson is not. The fifth Count is a forfeiture count which does not involve either remaining defendant.

First, defendants assert that Lawrence Vigil was associated with everyone named in the Superseding Indictment, but the other named codefendants were not necessarily associated with each other. In other words, defendants assert there may have been more than one conspiracy, and the Counts in the Indictment are therefore improperly joined.

Second, Defendant Ecoffey also asserts that for much of the time frame alleged in the Superseding Indictment (2002 through 2008), he was away at college and could not have participated in the alleged conspiracy. Because he attended college out of state and did not return to South Dakota until August, 2006, Defendant Ecoffey asserts that his "markedly different" degree of culpability presents an unacceptable risk of prejudice to him.

Third, Defendants assert that in this case, limiting instructions to the jury will be insufficient to cure any potential prejudice. They argue that the Court cannot reasonably expect the jury to "collate and appraise the independent evidence against each defendant in view of its volume and the court's limiting instructions." *See*, Doc. 385 at p. 11.

Fourth, Defendant Ecoffey also claims that his trial should be severed from his codefendant Lyle Wilson because Wilson "may otherwise agree to testify and provide exculpatory evidence on Mr. Ecoffey's behalf but for his intention to remain silent in his own trial." . . *See*, Doc. 385 at p. 11. Ecoffey acknowledges that another former codefendant (Eagle Bull) intends to testify at trial and inculpate Ecoffey regarding activities which occurred at Alvina White Bull's residence . *See*, Doc. 385 at p. 12. Ecoffey claims that "upon information and belief, Mr. Wilson, at a separate trial, could testify as to Mr. Ecoffey rarely, if ever, being present at the Alvina White Bull residence, thus contradicting and impeaching one of Mr. Ecoffey's primary accusers." *Id.*

# DISCUSSION

The grant or denial of a motion to sever is left to the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion that resulted in clear prejudice. *U.S. v. Lawson*, 173 F.3d 666, 671 (8th Cir. 1999). Fed. R. Crim. P. 8(b) provides:

> **(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of co-defendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003). "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Kime*, 99 F.3d 879, 880 (8th Cir. 1996).

## 1. Single vs. Multiple Conspiracies

The first basis for Defendants' motion is their his contention that there are really multiple conspiracies. They theorize that Lawrence Vigil was the common thread, and the people in one sub-group may not have known the nature of the activity of the people from the other sub-group of people with which Mr. Vigil was dealing. In the context of a drug conspiracy, however, The Eighth Circuit has noted that "one does not have to have contact with all of the other members of a conspiracy to be held accountable as a conspirator." *United States v. Bascope-Zurita*, 68 F.3d 1057, 1061 (8th Cir. 1995). A single conspiracy may be found "when the defendants share a common overall goal and the same method is used to achieve that goal, even if the actors are not always the same." *Id.* A "totality of the circumstances" test is applied to determine whether a single or multiple conspiracies exists. The factors to be considered include: (1) the nature of the activities

involved; (2) the location where the alleged events of the conspiracy took place; (3) the identity of the conspirators involved; (4) the time frame in which the act or acts occurred. *Id.* In this case, Mr. Ecoffey and Mr. Wilson are charged in Counts I and II with the same activities, during the same time frame, in the same place, with the same group of people. Rule 8(b) on its face indicates it is not necessary for each defendant to be named in each Count of the Superseding Indictment.[2] Likewise, that Ecoffey and Wilson may not have known the full extent of the other's activities does not mandate a finding of multiple conspiracies. "Notwithstanding a defendant's lack of knowledge of the identity of all of the other co-conspirators or his failure to appreciate the extent of the enterprise, a defendant can be held liable as a co-conspirator if he shares the common purpose or goal of the other conspirators." *United States v. McCarthy*, 97 F.3d 1562, 1571 (8th Cir. 1996). This alleged basis for severance fails.

## 2. Different Degrees of Culpability

Defendant Ecoffey asserts that the evidence at trial will show codefendant Wilson was much more involved in the conspiracy because Ecoffey was away at college during much of the time frame alleged in the indictment. Because there is a "markedly different degree of culpability" Ecoffey asserts the risk of prejudice against him is heightened, justifying severance.

Ecoffey asserts that much of the evidence may be competent as to his co-defendant but not as to him. In *United States v. Kime* 99 F.3d 879, 880 (8th Cir. 1996), the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his co-defendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately . . . Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." *Id.* at 880. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. *Id.* In this case,

---

[2]For this reason, *Untied States v. Satterfield*, 548 F.2d 1341 (9th Cir. 1977) and the corresponding argument in Defendant Wilson's brief is unpersuasive.

there are only two remaining defendants. The alleged conspiracy was six years long, although Ecoffey claims the time frame of his alleged involvement was relatively short (twenty one months out of the 77 months alleged in the Superseding Indictment). There are only five counts in the Superseding Indictment, and the two remaining defendants are named in only four of those counts. *See, e.g. United States v. Frank*, 354 F.3d 910 (8th Cir. 2004) (district court did not err by refusing to sever where two defendants were involved in six day trial which encompassed 51 count indictment). Defendants have failed to make a sufficient showing that the jury will be unable to compartmentalize the evidence.

### 3. Inadequacy of Limiting Instructions

Next, Defendant Ecoffey asserts that in this case, jury instructions will be insufficient to cure any prejudice which may be presented by a joint trial with his codefendant Lyle Wilson. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." *United States v. Mathison*, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted). *See also United States v. Moore*, 149 F.3d 773, 778 (8th Cir. 1998)(risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); *United States v. Flores*, 362 F.3d 1030 (8th Cir. 2004) (no requirement in a joint trial that the quantum evidence of each defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Despite the case authority to the contrary, Ecoffey asserts it will be impossible for the jury to follow instructions to separate the evidence against him and codefendant Wilson.

> A strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts. Society has an interest in speedy and efficient trials. Separate trials produce additional labor for judges and juries, which results from the unnecessary repetition of evidence and trial procedures. *Moreover, the risk of prejudice to defendants in a joint trial is presumably low, because juries are presumed capable of sorting evidence and considering separately each count and each defendant.*

*United States v. Caver*, 470 F.3d 220, 238 (6th Cir. 2007) (emphasis added, citations omitted). Further, in criminal prosecutions "[j]uries are presumed to follow instructions." *United States v.*

*Chipps*, 410 F.3d 438, 449 (8th Cir. 2005). Defendant Ecoffey has not shown that there is a disparity of evidence between him and codefendant Wilson that cannot be adequately addressed with appropriate jury instructions. There are only two remaining Defendants. There are four applicable counts in the Superseding Indictment–three pertaining to each Defendant. Defendants are free to request appropriate limiting instructions from Judge Schreier to insure neither is prejudiced by any disparity in the evidence between them.

### 4. Potential Exculpatory Testimony

Next, Ecoffey asserts that exculpatory evidence might be forthcoming from codefendant Wilson at a separate trial, but not in a joint trial. Defendant Ecoffey has provided nothing but sheer speculation that Wilson would testify on his behalf at a separate trial. Wilson has not expressed a willingness or intent on the record to offer exculpatory testimony. "A defendant is not entitled to severance on the weight of an unsupported possibility that a co-defendant's testimony might be forthcoming at a separate trial. A defendant's assertion that his co-defendant might testify at a separate trial must find some independent support in the record." *United States v. Graham*, 548 F.2d 1302, 1311 (8th Cir. 1977) (citations omitted). *See also United States v. Caspers*, 736 F.2d 1246, 1248 (8th Cir. 1984) (attorney's assertion that exculpatory testimony would be forthcoming not enough–affidavit from co-defendant was absent); *United States v. Easom*, 569 F.2d 457, 458 (8th Cir. 1978) (defendant not entitled to severance based on "unsupported possibility" that co-defendant's testimony might be forthcoming at a separate trial).

Additionally, the testimony Ecoffey claims codefendant Wilson might offer consists of Wilson's assertion that former codefendant Eagle Bull's anticipated testimony about Ecoffey's involvement in criminal activity occurring at Alvina White Bull's residence is exaggerated. While Wilson's anticipated testimony might impeach a government witness, Ecoffey has not demonstrated that it would actually exculpate him. "Anticipated exculpatory testimony of a codefendant does not automatically require severance. Severance is not mandated simply because a codefendant might testify and thereby only increase the chances of acquittal or tend to rebut some aspect of the government's case. Exculpation is required." *United States v. Tucker*, 2007 WL 6148093 (E.D. Mo. Dec. 11, 2007) at *3. *See, also, United States v. Reed*, 733 F.2d 492, 508 (8th Cir. 1984) (severance

not required every time a codefendant would testify on defendant's behalf at a separate trial to merely rebut some aspect of government's case; severance required only when codefendant's proffered testimony *would exculpate* defendant requesting severance). For these reasons, Wilson's potential testimony at a separate trial is likewise an insufficient reason to sever.

## CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Defendants' Motions to Sever (Docs. 374 and 385) are DENIED.

Dated this 6th day of May, 2009.

BY THE COURT:

_____
John E. Simko,
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By_____ Deputy

(SEAL)