UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LYLE WILSON,<br><br>    Defendant. | 5:08-CR-50051-KES<br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant, Lyle Wilson, moves for compassionate release under 18 U.S.C. § 3583(c)(1)(A)(ii). Docket 666. The United States opposes the motion. Docket 671. For the following reasons, the court denies Wilson's motion.

## BACKGROUND

In 2009, Wilson was found guilty after a jury trial of 1 count of conspiracy to distribute cocaine, 1 count of conspiracy to distribute marijuana, and 1 count of possession with intent to distribute cocaine. Docket 510. He was sentenced on September 25, 2009, to 240 months of imprisonment on counts 1, 2 and 3, all to be served concurrently, 10 years of supervised release on counts 1 and 2 and 6 years on count 3, to be served concurrently, and a $300 special assessment. Docket 539. Post sentencing, Wilson appealed to the Eighth Circuit Court of Appeals. Docket 548. On appeal, the Eighth Circuit vacated Wilson's judgment of conviction on count 3, possession with intent to distribute cocaine. Docket 605. This court entered an amended judgment on

October 15, 2010, reflecting that Wilson had only been convicted on counts 1 and 2 of the superseding indictment, and sentenced him to 240 months of imprisonment on counts 1 and 2, all to be served concurrently, 10 years of supervised released on count 1 and 8 years on count 2, to be served concurrently, and a $200 special assessment, but otherwise leaving the remainder of the sentence previously imposed undisturbed. Docket 609. Wilson has now filed a motion for compassionate release based on the recently enacted First Step Act (FSA). Docket 666.

## ANALYSIS

**I.     Compassionate Release under FSA**

In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the FSA on December 21, 2018, provides in pertinent part:

> (c) **Modification of an imposed term of imprisonment**.—The court may not modify a term of imprisonment once it has been imposed except that–
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

>> (i) extraordinary and compelling reasons warrant
>> such a reduction . . .
> and that such a reduction is consistent with applicable
> policy statements issued by the Sentencing
> Commission . . . .

(emphasis added).

In essence, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release, but only after the defendant has fully exhausted all administrative remedies.

## II. Procedural Requirements to File Claim for Compassionate Release Under the FSA

Wilson contends that he is entitled to compassionate release because the trial court erred when it sentenced him. (Docket 666 at 2, 3, 4). He contends that two points were erroneously added to his base offense level for use of a dangerous weapon in connection with the offense and that he was erroneously classified as a career offender, but his prior convictions were imposed under the residual clause in 18 U.S.C. § 924(c) contrary to the holding of the United States Supreme Court in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), and *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019). *Id.*

The United States responds that Wilson has not exhausted his administrative remedies and therefore his claim should be dismissed. Docket 671 at 4-5. The court agrees. The FSA permits defendants to move a sentencing court for modification of sentence only after the defendant has "fully exhausted all administrative rights[.]" 18 U.S.C. § 3582(c)(1)(A). *See also* Order Denying Motion for Sentencing Modification, *United States v. Zimmer*, 4:16-CR-40003-

KES (D.S.D. July 17, 2019), Docket 46 (order under FSA denying relief because administrative remedies had not been exhausted).

Here, Wilson has not exhausted his administrative remedies. Wilson has not alleged or provided this court with any evidence to show that he made his claim with the warden of the facility where he is imprisoned or that he either waited 30 days after the warden received his motion or until his request was denied by the warden to file his claim in federal court. *See* Dockets 666, 673. Wilson argues that "[t]he dependence on BOP in these policy statements is a relic of the prior procedure that is now inconsistent with the First Step Act's amendment of § 3582 (C)(1)(A)(i)." Docket 673 at 4. But the exhaustion requirement is not a policy statement of the Bureau of Prisons. It is part of the statute that authorizes federal courts to modify a defendant's sentence. The plain language of the statute requires defendants to fully exhaust all their administrative remedies before proceeding to federal court. 18 U.S.C. § 3582(c)(1)(A). Thus, Wilson's motion for compassionate release is denied without prejudice because he failed to exhaust his administrative remedies before filing his motion in federal court.

II. **Wilson's Allegations Regarding Sentencing Errors Under *Davis* and *Rehaif***

Wilson appears to be arguing that he is entitled to relief under the recent Supreme Court decisions of *Davis* and *Rehaif*. Docket 666 at 4. Such a claim would be analyzed under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f)(3) (allowing for timely claims filed 1 year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

4

recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."). This court does not have jurisdiction to grant such relief within this criminal case. If Wilson wants the court to determine if he is entitled to relief under § 2255, Wilson should complete the proper paperwork for his § 2255 motion and send it to the Clerk of Courts so a new case can be opened. *See United States v. Poole*, 4:15-cr-40099-KES, Docket 64 (D.S.D. June 6, 2019) ("granting Motion [ ] to direct Mr. Poole to file his request for relief under section 2255"). The Clerk of Courts should send Wilson the standard forms so he can seek relief under § 2255. The court will then consider the merits of Wilson's § 2255 motion.

### III. Request for Attorney and Evidentiary Hearing

Wilson requests an attorney to represent him in this matter. An inmate does not have a right to counsel under the Constitution or the Criminal Justice Act, 18 U.S.C. § 3006A(c), with respect to an otherwise final sentence. *See United States v. Webb*, 565 F.3d 789, 793-95 (11th Cir. 2009).

And finally, Wilson asks for an evidentiary hearing. Federal Rule of Criminal Procedure 43(b)(4) states that a defendant need not be present when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." *See Dillon v. United States*, 560 U.S. 817, 827-28 (2010) (noting that based on Rule 43(b)(4), a defendant need not be present at a proceeding under § 3582 for the imposition of a sentencing modification). As a result, Wilson's request for an attorney and an evidentiary hearing are denied.

**CONCLUSION**

Based on the foregoing, and on all the files, records and proceedings herein, it is

ORDERED that Wilson's motion for compassionate release (Docket 666) is denied. It is further ordered that the Clerk of Courts shall send Wilson the standard forms so he can seek relief under § 2255.

Dated this 31st day of December, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE